UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SANFORD BENJAMIN GLOSTER,**

    Petitioner,

v.                                   Case No. 8:19-cv-2394-WFJ-SPF

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

Petitioner Sanford Benjamin Gloster, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Respondent opposes the petition as time-barred. (Doc. 7.) Having considered the petition, response, amended reply (Doc. 13), and supplement to the amended reply (Doc. 15), the Court dismisses the petition as time-barred.

**Procedural Background**

A state court jury convicted Mr. Gloster of first-degree premeditated murder. (Doc. 8-2, Ex. 1a, p. 82.) The state trial court sentenced him to life in prison. (*Id.*, pp. 86-91.) The state appellate court *per curiam* affirmed Mr. Gloster's conviction and sentence. (Doc. 8-3, Ex. 4.)

Mr. Gloster moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-3, Exs. 9-11.) After the state postconviction court dismissed

1

his motion with leave to amend, Mr. Gloster filed an amended motion. (Doc. 8-3, Ex. 12; Doc. 8-4, Ex. 13, pp. 37-86.) The state postconviction court denied relief, and the state appellate court *per curiam* affirmed. (Doc. 8-5, Ex. 13c, pp. 636-77; Doc. 8-7, Ex. 16.)

Mr. Gloster filed a second postconviction motion under Rule 3.850, which the state postconviction court dismissed without prejudice to amendment. (Doc. 8-8, Ex. 18, pp. 1-41, 44-48.) Mr. Gloster filed an amended motion. (Doc. 8-9, Ex. 18, pp. 158-77.) The state postconviction court denied the motion. (Doc. 8-11, Ex. 18, pp. 204-08.) The state appellate court *per curiam* affirmed the denial of relief. (Doc. 8-16, Ex. 21.) Mr. Gloster filed a third Rule 3.850 postconviction motion. (Doc. 8-17, Ex. 27, pp. 1-30.) The state postconviction court denied it as untimely and successive. (*Id.*, pp. 56-61.) The state appellate court *per curiam* affirmed the denial. (Doc. 8-19, Ex. 30.)

### Untimeliness Of Mr. Gloster's Federal Habeas Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA establishes a one-year statute of limitations for filing a § 2254 habeas petition. The limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Mr. Gloster's conviction and sentence were affirmed on November 30, 2012. (Doc. 8-3, Ex. 4.) His judgment became final on February 28, 2013, when the 90-day period to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Mr. Gloster's AEDPA limitations period began running the next day, March 1, 2013.[1]

After 236 days of untolled time passed, on October 23, 2013, Mr. Gloster filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-3, Ex. 10.) Mr. Gloster's first Rule 3.850 motion was a "properly filed" tolling application for purposes of § 2244(d)(2). The motion remained pending until the state appellate court's mandate issued on January 28, 2016. (Doc. 8-7, Ex. 17.)

Mr. Gloster's second Rule 3.850 motion had no tolling effect because it was untimely and, therefore, not "properly filed." The Supreme Court has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery[.]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

---

[1] Mr. Gloster concedes that § 2244(d)(1)(A) controls. (Doc. 13, p. 2.) He does not assert entitlement to a later start date of the limitations period under another provision of § 2244(d)(1), and agrees that his judgment became final on February 28, 2013. (Doc. 13, p. 3; Doc. 15, p. 5.)

Under Rule 3.850(b), a petitioner must move for postconviction relief in state court within two years of the date his state court judgment becomes final. An exception to the two-year time limit applies when the motion "alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence[.]" Fla. R. Crim. P. 3.850(b)(1).

Mr. Gloster's second Rule 3.850 motion asserted that this exception applied. (Doc. 8-9, Ex. 18, pp. 158-77.) The state court considered and rejected Mr. Gloster's argument. The state court noted that the two-year time limit under Rule 3.850 expired in January 2015, before the motion was filed, but that a court could consider an untimely motion if an exception under Rule 3.850(b) applied. (Doc. 8-11, Ex. 18, p. 206.) It ruled that Mr. Gloster was "unable to demonstrate that his motion was filed within two years of the date the evidence could have been discovered with due diligence." (*Id.*, p. 207.) Accordingly, the state postconviction court found that Mr. Gloster's "allegations do not meet the requirements of Rule 3.850(b)(1)." (*Id.*)

Even though the state postconviction court's order did not expressly deny the motion on timeliness grounds, the court clearly determined that the motion was untimely. The court noted that the Rule 3.850 time limitation had already passed in Mr. Gloster's case, and found that Mr. Gloster's allegations were insufficient to warrant application of the newly discovered evidence exception to the time limitation. (*Id.*, pp. 206-07.) The Eleventh Circuit Court of Appeals addressed a similar situation

in *Jones*, 906 F.3d 1339. The petitioner in *Jones* also filed a state postconviction motion claiming application of the exception in Rule 3.850(b)(1). While the state postconviction court in Jones's case did not expressly find the motion untimely, it rejected Jones's newly discovered evidence claim and stated that Jones's allegations "d[id] not meet the parameters of newly discovered evidence." *Id* at 1345. The Eleventh Circuit held that the only "reasonable and logical way to read" the state court's order was to conclude that the state court found Jones's motion untimely, and that a state court is not required to use "[m]agic words" or make a "clear and unambiguous ruling" when deciding the timeliness of a postconviction motion. *Id.* at 1346, 1349.

Therefore, *Jones* stated, "the state court ruled that the Rule 3.850 Motion was untimely, and [a federal court is] required to defer to that ruling. That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations." *Id.* at 1350 (citations omitted). "[A] state post-conviction motion is not, and cannot ever be, 'properly filed' if it was rejected by the state court as untimely." *Id.* at 1352 (citing *Pace*, 544 U.S. 408). Therefore, since Mr. Gloster's second postconviction motion was rejected as untimely by the state court, it was not properly filed and had no tolling effect on the AEDPA limitations period.

The limitations period resumed running on January 29, 2016, the day after issuance of the mandate affirming the denial of Mr. Gloster's first Rule 3.850 motion. Mr. Gloster had 129 days, until June 6, 2016, to file his federal habeas petition. The

June 6, 2016 deadline passed without Mr. Gloster's filing any other tolling applications in state court or his federal habeas petition.

Mr. Gloster filed a third Rule 3.850 postconviction motion on April 2, 2018, after expiration of the AEDPA limitations period. (Doc. 8-17, Ex. 27, pp. 1-30.) Mr. Gloster's third Rule 3.850 motion has no effect on the timeliness analysis. The AEDPA limitations period cannot be revived once it has expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (stating that a state court petition for collateral review "that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Furthermore, Mr. Gloster's third Rule 3.850 motion was not "properly filed" because the state court rejected it as untimely. (Doc. 8-17, Ex. 27, pp. 56-61.) Mr. Gloster's § 2254 petition, filed September 24, 2019, is thus untimely under § 2244(d)(1)(A).

## Equitable Tolling

Mr. Gloster asserts entitlement to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection

between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

In support of his equitable tolling argument, Mr. Gloster contends that he exercised due diligence in pursuing state court remedies. But he does not assert diligence in pursuing the timely filing of his § 2254 petition. Moreover, to obtain equitable tolling, Mr. Gloster must establish both diligence and extraordinary circumstances that prevented timely filing. *Holland*, 560 U.S. at 649. Mr. Gloster appears to claim that factors such as his work schedule in the prison food service department, administrative lockdowns, law library closings, and a transfer between prisons are such extraordinary circumstances.

However, prison lockdowns and transfers, and the resulting separation of a prisoner from his legal papers, are not extraordinary circumstances for purposes of

7

equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance) (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)). Similarly, limited law library access is not an extraordinary circumstance. *See Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (stating that claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (concluding that limited access to a law library was not an extraordinary circumstance).

Furthermore, Mr. Gloster does not provide specific information about his prison job schedule. He does not show that this schedule amounts to an extraordinary circumstance warranting equitable tolling. *See, e.g.*, *Manning v. Henry*, 2 F. App'x 898, 900 (9th Cir. 2001) (rejecting a petitioner's argument that an extraordinary circumstance existed when "his job in the prison kept him from spending as much time in the law library as he would have been able to spend if he had not had the job"). The Court concludes that Mr. Gloster has not shown that equitable tolling applies to allow review of his untimely § 2254 petition.[2]

---

[2] Mr. Gloster does not contend that the Court can review his untimely petition on the basis that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Accordingly, the Court **ORDERS** that Mr. Gloster's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Mr. Gloster and to **CLOSE** this case.

The Court further **ORDERS** that Mr. Gloster is not entitled to a certificate of appealability ("COA"). A prisoner has no absolute right to appeal a district court's dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1). A court must first issue a COA. *Id*. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, Mr. Gloster must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Id*.; *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because the motion is clearly time-barred, Mr. Gloster cannot meet the second prong of the *Slack* test. As Mr. Gloster is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on June 3, 2022.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**